IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERDESSA MCDOUGALD,

    *Plaintiff*,

    *v.*

DETECTIVE MICHAEL SPINNATO, *et al.*

    *Defendants*.

Civil Action No. ELH-17-2898

**MEMORANDUM**

This litigation arises from the unfortunate death of 38-year-old Tyree Woodson on July 25, 2014. He died of a self-inflicted gunshot wound to the head while in the custody of the Baltimore City Police Department ("BCPD"). *See* ECF 2 ("Complaint"). Woodson's mother, Verdessa McDougald, individually and as the personal representative of the Estate of Tyree Woodson, initiated this suit in the Circuit Court for Baltimore City under 42 U.S.C. § 1983, § 1985, and § 1988 and Articles 24 and 26 of the Maryland Declaration of Rights, alleging violations of the Fourth and Fourteenth Amendments to the Constitution, and asserting wrongful death and survival actions under Maryland law. She named as defendants BCPD Detectives Michael Spinnato, Earl Thompson, Mathew Pow, Mathew Dzambo, Kevin Carvell, and Jeffrey Converse, as well as Sergeant Sterling Price. *Id.* Additionally, plaintiff alleges a claim of negligent supervision, training, and retention against former Police Commissioner Anthony Batts. *Id.*

Defendants removed the case to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. *See* ECF 1 (Notice of Removal). Thereafter, defendants moved to dismiss the Complaint for failure to state a claim (ECF 16), supported by a memorandum of law

(ECF 16-1) (collectively, the "Motion"). Plaintiff opposes the Motion (ECF 18), supported by a memorandum of law (ECF 18-1) (collectively, the "Opposition"), and several exhibits. *See* ECF 18-3 through ECF 18-7. In the Opposition, plaintiff requested, *inter alia*, that the Court deny the Motion or, in the alternative, grant leave to amend the Complaint. Defendants have replied. ECF 19 ("Reply").

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant plaintiff leave to amend the Complaint. Accordingly, I shall deny the Motion, without prejudice to the right of defendants to renew their Motion as to the Amended Complaint, if appropriate.

## I. Discussion

### A.

The Complaint is not a model of clarity. In the section title "Jurisdiction," ECF 2 at 3, plaintiff asserts that the claims are founded, *inter alia*, on 42 U.S.C. §§ 1983, 1985, and 1988, as well as the Fourth and Fourteenth amendments to the Constitution. However, the actual causes of action in the Complaint appear to present claims under Maryland law.

"Case I," Count I is a claim titled "Wrongful Death For Gross Negligence." ECF 2 at 14. "Case 2," Count 1 is titled "Survival Action For Gross Negligence." *Id.* at 17.[1] Case 2, Count 2 is titled "Survival Action For Negligent Supervision, Training and Detention." *Id.* at 20. Case 2, Count 3 is a "Survival Action For Funeral Expenses." *Id.* at 22. All four claims appear to be predicated on the Estates and Trusts Article or the Courts and Judicial Proceedings Article of the Maryland Code; common law; and Baltimore Police Department Guidelines. Although the Complaint was removed on the basis of federal question jurisdiction, it is not immediately clear

---

[1] There is no explanation as to "Case 1" or "Case 2."

that it raises claims under federal law. To the extent plaintiff intended to raise federal claims pursuant to 42 U.S.C. §§ 1983, 1985, 1988, the Fourth Amendment, and the Fourteenth Amendment, those claims are difficult to discern in the Complaint.

As indicated, defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint. *See* ECF 16. They argue, *inter alia*, that plaintiff does not allege any conduct of defendants that led to Woodson's suicide. ECF 16-1 at 7. Moreover, they contend that plaintiff does not allege facts giving rise to a special relationship between the police officers and Woodson, so as to create a duty of care. *Id.* at 8. Further, they claim that plaintiff has not alleged facts showing deliberate indifference. *Id.* at 9. In addition, they claim that they are entitled to qualified immunity. *Id.* at 10.

Plaintiff's Opposition requests, *inter alia*, that the Court deny the Motion, or in the alternative, grant plaintiff leave to amend the Complaint. *See* ECF 18 at 1. Plaintiff does not explain what she seeks to amend, nor did she file a proposed amended complaint. Although plaintiff did not file a formal motion to amend the complaint,[2] defendants' Reply provides no reason as to why it would be improper for the Court to grant plaintiff leave to amend the Complaint. *See* ECF 19.

**B.**

Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits a party to amend a pleading once "as a matter of course," without leave of the court or the consent of any opposing party, if done within 21 days of service of a motion filed under Fed. R. Civ. P. 12(b). Further, Rule 15(a)(2) instructs that a court should "freely" grant leave to amend "when justice so requires," and commits the matter to the discretion of the district court. *See Simmons v. United*

---

[2] Had plaintiff properly filed a separate motion to amend the complaint, much of the delay in resolving this Motion could have been avoided.

*Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). A district court may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey,* 438 F.3d 404, 426-29 (4th Cir. 2006) (en banc).

In my view, plaintiff has satisfied Rule 15(a)(1)(B). Plaintiff timely filed the Opposition thirteen days after the Motion was filed. In the Opposition, she seeks leave to amend the Complaint. *See* ECF 18.

## II. Conclusion

For the foregoing reasons, plaintiff shall be granted leave to amend the Complaint. Accordingly, the Motion shall be denied, without prejudice to the right of the defendants to renew the motion to dismiss as to the Amended Complaint.

Date: July 3, 2018 
/s/
Ellen Lipton Hollander
United States District Judge